# EXHIBIT 1

Brian J. Virag, Esq. (State Bar No. 205197)
Luiza Patrikyan, Esq. (State Bar No. 299436)
MYBEDBUGLAWYER, INC.
16400 Ventura Blvd., Suite 301
Encino, California 91436
Telephone: (818) 907-5333
Facsimile: (818) 990-0216
Service@mybedbuglawyer.com

Attorneys for Plaintiffs

Electronically FILED by Superior Court of California, County of Los Angeles 9/29/2023 5:50 PM David W. Slayton, Executive Officer/Clerk of Court, By N. Jamgochian, Deputy Clerk

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

DONITELLO WILSON, an individual; THEREA WILLIAMS, an individual; GERVONN CARMENA, an individual; IESHA PURVIS, an individual; KEYON MORGAN, an individual, JA'YERI JOHNSON, an individual; MAURICE J. BANKS, an individual; MARKEISHA NAIRN, individually and as Guardian Ad Litem for MALAKAI BANKS, a minor; LARRY FINNEY, an individual; ASHLEY DELGADO, an individual; JOSHUA BURHART, an individual; SHERNESHA FORD, individually and as Guardian Ad Litem for KENSIER STEPNEY, a minor; TIWON GEROGE; an individual; ANTHONY BLACKBURN, an individual; DANIELLE MANN, an individual; BOBBY JOHNSON, an individual; JOSEPH BARNETT, an individual; DARLENE KENNY, an individual; CHRISTOPHER VELLND, an individual; EARL TURNER, an individual; BRIANNE BELOFF, an individual; ERIC JONES, individually and as Guardian Ad Litem for ISAAC LAMONT COOLEY, a minor; LISA ROSS, an individual; LLOYD CONOLLY, an individual; NATASHA WIMBLEY, individually and as Guardian Ad Litem for JAMES LEGLEH SIMPSON, a minor; ASHLEY JOHNSON, an individual; TERESA

Case No.: 23AVCV01100

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1. Negligence - Premises Liability/Failure to Warn/ Negligence Per Se
2. Nuisance
3. Intentional Infliction of Emotional Distress
4. Breach of Contract
5. Fraudulent Concealment

FSC: 11/20/2024
Trial: 11/29/2024
OSC: 09/29/2026

MARY CRIADO, an individual; ALEXIS GONZALEZ, an individual; JERRY CRIADO, an individual; TYWUAN ROBINSON, an individual; SABRINA RUCKER, an individual; PAUL COOK, an individual; MONIQUE MOORE, an individual; CORY PRINGLE, an individual; TEKIEA GUPTON, an individual; DEON NEWSOME, an individual; MARSHA R. JONES, an individual; BAILEY UMBAY, an individual,

Plaintiffs,

vs.

BG HOTEL GROUP, LLC, a California Limited Liability Company; TURTLE HOSPITALITY, LLC, a California Limited Liability Company; and DOES 1-20, inclusive,

Defendants.

**NATURE OF CASE**

1. In this action, Plaintiffs, DONITELLO WILSON, an individual; THEREA WILLIAMS, an individual; GERVONN CARMENA, an individual; IESHA PURVIS, an individual; KEYON MORGAN, an individual, JA'YERI JOHNSON, an individual; MAURICE J. BANKS, an individual; MARKEISHA NAIRN, individually and as Guardian Ad Litem for MALAKAI BANKS, a minor; LARRY FINNEY, an individual; ASHLEY DELGADO, an individual; JOSHUA BURHART, an individual; SHERNESHA FORD, individually and as Guardian Ad Litem for KENSIER STEPNEY, a minor; TIWON GEROGE; an individual; ANTHONY BLACKBURN, an individual; DANIELLE MANN, an individual; BOBBY JOHNSON, an individual; JOSEPH BARNETT, an individual; DARLENE KENNY, an individual; CHRISTOPHER VELLND, an individual; EARL TURNER, an individual; BRIANNE BELOFF, an individual; ERIC JONES, individually and as Guardian Ad Litem for ISAAC

LAMONT COOLEY, a minor; LISA ROSS, an individual; LLOYD CONOLLY, an individual; NATASHA WIMBLEY, individually and as Guardian Ad Litem for JAMES LEGLEH SIMPSON, a minor; ASHLEY JOHNSON, an individual; TERESA MARY CRIADO, an individual; ALEXIS GONZALEZ, an individual; JERRY CRIADO, an individual; TYWUAN ROBINSON, an individual; SABRINA RUCKER, an individual; PAUL COOK, an individual; MONIQUE MOORE, an individual; CORY PRINGLE, an individual; TEKIEA GUPTON, an individual; DEON NEWSOME, an individual; MARSHA R. JONES, an individual; BAILEY UMBAY, an individual, (hereinafter referred to as "DONITELLO", "THEREA", "GERVONN", "IESHA", "KEYON", "JA'YERI", "MAURICE", "MARKEISHA", "MALAKAI", "LARRY", "ASHLEY", "JOSHUA", "SHERNESHA", "KENSIER", "TIWON", "ANTHONY", "DANIELLE", "BOBBY", "JOSEPH", "DARLENE", "CHRISTOPHER", "EARL", "BRIANNE", "ERIC", "ISAAC", "LISA", "LLOYD", "NATASHA", "JAMES", "ASHLEY", "TERESA", "ALEXIS", "JERRY", "TYWUAN", "SABRINA", "PAUL", "MONIQUE", "CORY", "TEKIEA", "DEON", "MARSHA", "BAILEY", or "Plaintiffs") seeks equitable relief, monetary and punitive damages against Defendants, BG HOTEL GROUP, LLC, a California Limited Liability Company; TURTLE HOSPITALITY, LLC, a California Limited Liability Company; and DOES 1-20, inclusive (hereinafter referred to individually as "BG HOTEL GROUP", "TURTLE HOSPITALITY" and collectively as "Defendants")

2. Plaintiffs seek damages from Defendants for their wanton failure to properly maintain, control or repair Plaintiffs' rented hotel rooms, included but not limited to Rooms 106, 109, 115, 126, 128, 130, 135, 138, 139, 140, 142,144, 146, 148, 149,150, 209, 211, 213, 215, 218, 223, 225, 226, 230, 232, 247, 252, (hereinafter "Hotel Rooms" or "Rooms") at the AMERICAS BEST VALUE INN & SUITES, located at 44131 Sierra Hwy, Lancaster, California 93534 (hereinafter "Subject Property" or "Premises"). This case involves claims of bed bug infestations in a hotel in violation of Health and Safety Code § 17920.3 and related subsections.

3. This lawsuit concerns the uninhabitable conditions of a hotel complex, consisting of multiple units, owned, managed, operated and maintained by the Defendants as well as other hotels. As

a result of Defendants' failure to repair and maintain the Subject Property in a reasonably safe condition, in that they failed to properly maintain pest control on the Premises, resulting in bed bug infestations at the entire Hotel complex, including but not limited to Rooms 106, 109, 115, 126, 128, 130, 135, 138, 139, 140, 142,144, 146, 148, 149,150, 209, 211, 213, 215, 218, 223, 225, 226, 230, 232, 247, 252, Plaintiffs endured slum-type living conditions resulting in financial loss, personal injury and presently ongoing mental and emotional distress.

4. As a result of Defendants' failure to properly maintain the Premises, Plaintiffs were forced to endure filthy infestations of bed bugs. Defendants failed to disclose, inspect or warn Plaintiffs of the presence of these filthy bed bug infestations at the Premises before Plaintiffs rented their respective Hotel rooms at the Premises, even though Defendants had prior actual and constructive notice of the bed bug infestations. Moreover, Defendants, by and through their agents, employees and managers, intentionally concealed the bed bug infestations from Plaintiffs in order to induce them into renting the hotel rooms.

5. Defendants' failure to maintain the Hotel Rooms at the Subject Property in a decent, safe and habitable condition have harmed Plaintiffs, who now seek damages for the injuries to which Defendants have subjected them.

6. As a direct and proximate result of Defendants' failure to maintain the Premises in a safe and habitable condition, Plaintiffs suffered and presently continue to suffer ongoing mental and emotional distress, and physical injuries, including, but not limited to:

   a) Painful bed bug bites, severe skin rash, allergic reaction, scarring and personal injuries over the entirety of their bodies caused by bed bugs;

   b) Property damage to clothing and personal belongings, as a result of bed bug infestation; and

   c) Plaintiff became ill several times both while staying and after their stay at the Subject Property, including, but not limited to, experiencing bed bug bites, ongoing emotional distress from insect bites, sleeplessness, inconvenience, humiliation, grief, anxiety and other symptoms.

7. Plaintiffs endured inconveniences and incurred out-of-pocket expenses as a result of the bed bug infestations. Furthermore, Plaintiffs suffered and presently continues to suffer property damage, ongoing emotional distress and mental anguish, as well as physical injuries due to these uninhabitable conditions (specifically, bed bug infestations) and other deplorable conditions described more fully below.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over all causes of action asserted here pursuant to the California Constitution, Article VI, § 10.
9. This Court has personal jurisdiction over each named Defendant herein because each Defendant resides and/or does business in the State of California and/or has its principal place of business within the jurisdiction of this Court.
10. Venue is proper in the County of Los Angeles because Defendants conduct business in Los Angeles County, the Defendants' tortious acts and statutory and common violations were committed in Los Angeles County, and the injuries alleged herein occurred in the County of Los Angeles.
11. This Court has jurisdiction and venue over this matter by virtue of the allegations alleged herein to the effect that the Parties reside in and are citizens of the State of California.
12. This Court has unlimited jurisdiction over the Parties named in this Complaint as the amount in controversy exceeds $25,000.

**PARTIES**

13. Plaintiffs stayed at the Subject Property under terms of a Hotel Rental Agreement with, and fraudulently obtained by, Defendants. Had Plaintiffs known of the true facts that the Subject Property was infested with bed bugs, they would not have stayed at the Premises.
14. Plaintiff, **DONITELLO**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of

California. Plaintiff, **DONITELLO**, stayed in room number 215 at the Subject Property sometime on or about **January 2023, to present**.

15. Plaintiff, **THEREA**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **THEREA**, stayed in room number 215at the Subject Property sometime on or about **January 2023, to present**.

16. Plaintiff, **GERVONN**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **GERVONN**, stayed in room number 215 at the Subject Property sometime on or about **January 2023 to present**.

17. Plaintiff, **IESHA**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **IESHA**, stayed in room number 225 at the Subject Property sometime on or about **December 2022, to March 2023**.

18. Plaintiff, **KEYON**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **KEYON**, stayed in room number 225 at the Subject Property sometime on or about **August 2022, to December 2022**.

19. Plaintiff, **JA'YERI**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **JA'YERI**, stayed in room number 225 at the Subject Property sometime on or about **August 2022, to December 2022**.

20. Plaintiff, **MAURICE**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **MAURICE**, stayed in room number 218 at the Subject Property sometime on or about **November 2022, to present**.

21. Plaintiff, **MARKEISHA**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of

California. Plaintiff, **MARKEISHA** stayed in room numbers 218 at the Subject Property sometime on or about **November 2022, to present**. **MARKEISHA** is also the parent of and Guardian ad Litem for the following minor Plaintiffs:

a) **MALAKAI BANKS,** DOB: 02/07/2018

22. Plaintiff, **LARRY**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **LARRY**, stayed in room number 226 at the Subject Property sometime on or about **February 2023, to February 2023**.

23. Plaintiff, **ASHLEY**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **ASHLEY**, stayed in room number 109 at the Subject Property sometime on or about **October 2022, to present**.

24. Plaintiff, **JOSHUA**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **JOSHUA**, stayed in room number 109 at the Subject Property sometime on or about **October 2022, to present**.

25. Plaintiff, **SHERNESHA**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **SHERNESHA**, stayed in room numbers 138 at the Subject Property sometime on or about **November 2022, to present**. **SHERNESHA** is also the parent of and Guardian ad Litem for the following minor Plaintiffs:

b) **KENSIER STEPNEY**, DOB: 06/04/2008

26. Plaintiff, **TIWON**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **TIWON**, stayed in room number 138 at the Subject Property sometime on or about **November 2022, to present**.

27. Plaintiff, **ANTHONY**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of

California. Plaintiff, **ANTHONY**, stayed in room number 138 at the Subject Property sometime on or about **November 2022, to March 2023**.

28. Plaintiff, **DANIELLE**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **DANIELLE**, stayed in room number 230 at the Subject Property sometime on or about **December 2022, to present**.

29. Plaintiff, **BOBBY**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **BOBBY**, stayed in room number 115 at the Subject Property sometime on or about **November 2022, to March 2023**.

30. Plaintiff, **JOSEPH**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **JOSEPH**, stayed in room number 115 at the Subject Property sometime on or about **November 2022, to March 2023**.

31. Plaintiff, **DARLENE**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **DARLENE**, stayed in room numbers 135, 211 at the Subject Property sometime on or about **July 2022, to February 2023**.

32. Plaintiff, **CHRISTOPHER**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **CHRISTOPHER**, stayed in room numbers 135, 211 at the Subject Property sometime on or about **October 2022, to February 2023**.

33. Plaintiff, **EARL**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **EARL**, stayed in room number 209 at the Subject Property sometime on or about **March 2022, to October 2022**.

34. Plaintiff, **BRIANNE**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of

California. Plaintiff, **BRIANNE**, stayed in room number 209 at the Subject Property sometime on or about **March 2022, to October 2022**.

35. Plaintiff, **ERIC**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **ERIC**, stayed in room numbers 126 at the Subject Property sometime on or about **November 2022, to present**. **ERIC** is also the parent of and Guardian ad Litem for the following minor Plaintiffs:

   a) **ISAAC LAMONT COOLEY**, DOB: 07/19/2014

36. Plaintiff, **LISA**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **LISA**, stayed in room number 130 at the Subject Property sometime on or about **March 2023**.

37. Plaintiff, **LLOYD**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **LLOYD**, stayed in room number 139 at the Subject Property sometime on or about **January 2023**.

38. Plaintiff, **NATASHA**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **NATASHA**, stayed in room number 148 at the Subject Property sometime on or about **January 2023**. **NATASHA** is also the parent of and Guardian ad Litem for the following minor Plaintiff:

   a) **JAMES LEGLEH SIMPSON**, DOB: 02/28/2012

39. Plaintiff, **ASHLEY**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **ASHLEY**, stayed in room number 148 at the Subject Property sometime on or about **January 2023**.

40. Plaintiff, **TERESA**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of

California. Plaintiff, **TERESA** stayed in room number 128 at the Subject Property sometime on or about **November 2022.**

41. Plaintiff, **ALEXIS**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **ALEXIS**, stayed in room number 128 at the Subject Property sometime on or about **November 2022**.

42. Plaintiff, **JERRY**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **JERRY**, stayed in room number 128 at the Subject Property sometime on or about **November 2022**.

43. Plaintiff, **TYWUAN**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **TYWUAN**, stayed in room number 247 at the Subject Property sometime on or about **September 2022**.

44. Plaintiff, **SABRINA**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **SABRINA**, stayed in room numbers 149, 142, 126 at the Subject Property sometime on or about **November 2022, to present**.

45. Plaintiff, **PAUL**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **PAUL**, stayed in room numbers 149, 142, 126 at the Subject Property sometime on or about **November 2022, to present**.

46. Plaintiff, **MONIQUE**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **MONIQUE**, stayed in room numbers 104, 140, 106, 252, 150 at the Subject Property sometime on or about **August 2020, to present**.

47. Plaintiff, **CORY**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California.

Plaintiff, **CORY**, stayed in room number 104, 140, 106, 252, 150 at the Subject Property sometime on or about **August 2020, to present**.

48. Plaintiff, **TEKIEA**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **TEKIEA**, stayed in room number 144 at the Subject Property sometime on or about **November 2022**.

49. Plaintiff, **DEON**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **DEON**, stayed in room number 144 at the Subject Property sometime on or about **November 2022**.

50. Plaintiff, **MARSHA**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **MARSHA**, stayed in room number 211, 223, 213, 232 at the Subject Property sometime on or about **March 2023**.

51. Plaintiff, **BAILEY**, is, and at all relevant times herein was, an individual over the age of eighteen (18) years who was a guest at Defendants' hotel (Subject Property), in the State of California. Plaintiff, **BAILEY**, stayed in room number 211, 223, 213, 232 at the Subject Property sometime on or about **November 2022**.

52. Plaintiffs entered into a Hotel Rental Agreement for their stay at the Subject Property and/or were a third-party beneficiary of the hotel rental agreement entered into with the Defendants.

53. At all times herein relevant, Plaintiffs fulfilled all obligations under the aforementioned Hotel Rental Agreement and acted with reasonable care in trying to maintain and upkeep the hotel room in a livable condition.

54. Plaintiffs are informed and believes that Defendant, **BG HOTEL GROUP, LLC**, is a business entity organized as a California Limited Liability Company, doing business in the State of California, County of Los Angeles, and the legal owner and/or management company of the Subject Property, with its principal place of business located at 3212 Ridge Park Court, Long Beach, California 90804. Agent for Service of Process listed with the Secretary of State of

California is: **DILIPKUMAR PATEL**, located 3212 Ridge Park Court, Long Beach, California 90804.

55. Plaintiffs are informed and believes that Defendant, **TURTLE HOSPITALITY, LLC**, is a business entity organized as a California Limited Liability Company, doing business in the State of California, County of Los Angeles, and the legal owner and/or management company of the Subject Property, with its principal place of business located at 16868 Stoddard Wells Rd., Victorville, California 92394. Agent for Service of Process listed with the Secretary of State of California is: **BHAVESH AHIR**, located 16868 Stoddard Wells Rd., Victorville, California 92394.

56. Plaintiffs are informed and believe and thereon allege that at all times herein the named Defendants and DOES 1-20 have acted in concert in their capacities as owners, lessors, agents and/or managers of the Subject Property to violate Plaintiffs' rights in order to maximize profits by keeping the Subject Property fully rented, even with the knowledge of the bed bug infestations.

57. Plaintiffs are ignorant of the true names and capacities, whether individual, partnership, corporate, or otherwise, of Defendants sued as DOES 1-20, inclusive, and therefore, sue these Defendants by fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to allege the true names and capacities of these DOE Defendants when ascertained.

58. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants were, in some manner, responsible for the occurrences herein alleged and the damages suffered by Plaintiffs, as alleged, were proximately caused by Defendants' conduct.

59. Plaintiffs are informed and believe and thereon allege that Defendants were, and are, the agent, servant, employee, partner, alter ego, and/or joint venturer of each other Defendant, and that in doing the things alleged herein, each was acting in the scope of such agency, employment, partnership, and/or joint venture, and was acting as the alter ego of each other Defendant. At all times mentioned herein, DOES 1-20, and each of them, were the shareholders, directors and/or officers, and alter egos of Defendants, and in doing the things herein described were acting within the scope of their authority as such shareholders, directors and/or officers, and

alter egos, and that the Court award judgment for Plaintiffs as against such or all Defendants, either jointly or separately, as may be found liable.

60. There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants such that any individuality and separateness between Defendants, is the alter ego of each other, and was, a mere shell and sham without capital, assets or stock.

61. Adherence to the fiction of the separate existence of Defendants as entities distinct from each other would permit an abuse of the corporate privilege and would sanction fraud and promote injustice for the reasons set forth herein the Complaint.

62. Plaintiffs reserve the right to amend this Complaint to make further allegations regarding alter egos when facts are determined in the course of discovery.

## GENERAL ALLEGATIONS

63. Defendants are, and at all times herein relevant were, the owner(s) of record, and/or the agents and manager(s) responsible to maintain, repair and upkeep the Subject Property in a lawful, safe, and habitable condition.

64. Sometime from on or about **February 2021 to March 2023**, Plaintiffs entered into a hotel rental agreement with Defendants to stay as guests at the Subject Property, and/or Plaintiffs were a third-party beneficiary of the hotel rental agreement entered into with the Defendants.

65. Plaintiffs entered into an agreement and/or were third-party beneficiaries of the hotel rental agreement, whereby they obtained possession and enjoyment of the Premises as guests of the Defendants. The agreement did not contain all of the terms of the agreement, rather, it merely set forth the parties, date, payment amount, and certain other terms. The purpose of the agreements was for Plaintiffs to obtain a habitable hotel room from Defendants in return for payment for that hotel room. Therefore, the contract presupposed that Defendants would put the Premises in a habitable condition suitable for human habitation. This means that the Premises would be in compliance with all ordinances and code regulations existing at that time.

66. Plaintiffs noticed the bed bug infestation while staying as guests at their respective Hotel Rooms stated above.

67. Plaintiffs suffered physically and mentally from the uninhabitable condition of the Hotel Rooms and the Subject Property, including but not limited to the bed bug infestation.

68. Plaintiffs complained to Defendants' managers, employees and/or agents, about the uninhabitable conditions (bed bug infestation) at the Hotel Rooms.

69. In fact, Prior to sometime **February 2021**, Defendants had actual and constructive notice of the Subject property and Hotel Rooms including but not limited to the rooms 106, 109, 115, 126, 128, 130, 135, 138, 139, 140, 142,144, 146, 148, 149,150, 209, 211, 213, 215, 218, 223, 225, 226, 230, 232, 247, 252, was contaminated with bed but infestation, as numerous prior hotel guest have written reviews about Subject Property and Hotel Rooms contaminated with bed bugs infestation over years, through Google.com review platform, and Yelp review platform. Defendant failed to disclose the material facts or warn Plaintiffs of the presence of these filthy infestations at the Subject Property and Hotel Room prior **February 2021.**

70. Due to Defendants' failure to remedy the bed bug infestation, Plaintiffs were exposed to painful and disgusting bed bug infestations, and as a result, suffered physical injuries, emotional distress and mental anguish and presently ongoing emotional distress and mental anguish. Plaintiffs are informed and believes that Defendants were aware of bed bug complaints prior to Plaintiffs' arrival at the Premises. By failing to eradicate this bed bug infestation, Defendants violated Health and Safety Code (H.&S.C.) § 17920.3(a)12 - Infestation of insects.]

## UNINHABITABLE CONDITIONS - INSECT INFESTATION

71. Defendants were required to put and maintain the Premises in a condition suitable for occupation by human beings, and also to repair subsequent dilapidations that rendered the Premises uninhabitable.

72. Prior to **February 2021**, Defendants became aware of various problems with their Premises, including an infestation of vermin (bed bugs), as well as the overall dilapidated conditions of the hotel and its surroundings.

73. The bed bugs latched onto the Plaintiffs while they slept, sucked their blood until they were gorged, and resisted eradication. Plaintiffs suffered from numerous bed bug bites, which

caused and presently continue to cause pain, discomfort, annoyance, sleeplessness, inconvenience, humiliation, anxiety and ongoing mental and emotional distress.

74. Plaintiffs sought medical care on multiple occasions immediately after staying at the Subject Property, for the injuries they sustained while staying at their respective Hotel Rooms.

75. At all times, the Premises were to be kept in a habitable condition by the Defendants, and that Defendants' intentional and willful failure and refusal to maintain and keep said Premises in a habitable condition was, and is, a material breach of the hotel rental agreement. The presence of harmful organisms, like bed bugs, and other harmful matter caused Plaintiffs to become ill. Despite both actual and constructive knowledge by the Defendants of these dangerous uninhabitable conditions, Defendants failed to correct the horrible conditions that Plaintiffs were forced to endure.

76. Plaintiffs are informed and believe and thereon allege that the bed bug infestations were caused by Defendants' gross failure to regularly inspect and maintain the hotel rooms and common areas of the Subject Property with reasonable care, including proper fumigation.

77. Defendants breached their required duty to keep the Premises safe and in proper repair by allowing, permitting and causing the Premises to be unsafe, and rendered the Hotel Room uninhabitable by failing to properly maintain pest control on the Premises.

78. The Defendants, and each of them, are experienced managers of a hotel property and are aware that absent appropriate maintenance and professional pest control, serious habitability violations will develop that would seriously and materially affect the Plaintiffs' quiet and peaceful enjoyment of the Premises.

79. Defendants failed to maintain the Premises in a reasonably safe condition, in that they failed to properly maintain pest control on the Subject Property, and knew or reasonably should have known that failing to properly maintain pest control on the Premises was ineffective in ensuring Plaintiffs' health, wellness, and habitability while on the Premises.

80. Plaintiffs are informed and believe and thereon allege that Defendants were aware of bed bug complaints prior to Plaintiffs' arrival at the Premises, and despite such actual and constructive knowledge, Defendants and each of them failed to implement policies and procedures for

eradicating bed bug infestations. As a consequence, Plaintiffs were expose to a bed bug infestation at the Premises during their stay and suffered physical, mental and emotional damages due to such exposure.

81. Plaintiffs have been suffering ongoing medical problems because of the uninhabitable conditions (bed bugs) of the Defendants' hotel rooms. Plaintiffs suffered no such health complaints prior to staying at the Premises. Plaintiffs have sought medical treatment and incurred medical expenses as a result of the illnesses related to the uninhabitable conditions of the Premises.

82. As a result of the breach of duty all of the Defendants owed to the Plaintiffs, the Plaintiffs sustained serious illness and injuries as a result of infestation of bed bugs and otherwise injured themselves on the Premises of the Defendants on the above referenced dates, which injuries and illnesses were directly and proximately caused by the intentional, malicious, willful and reckless conduct, and breach of duty of the Defendants. Plaintiffs sustained and presently continue to sustain injuries and health problems caused or exacerbated by the uninhabitable conditions (bed bug infestation). As a consequence of the uninhabitable conditions and the physical injuries caused by the deplorable conditions, Plaintiffs have also sustained and presently continue to sustain mental and emotional suffering, stress, humiliation, frustration and anxiety.

83. As a result of the breach of duty all of the Defendants owed to the Plaintiffs, the Plaintiffs sustained financial injuries and loss of income as a result of the infestation of bed bugs, and this financial injury and loss of income was directly and proximately caused by the intentional, malicious, willful and reckless conduct, and breach of duty of the Defendants.

## STATUTORY VIOLATIONS

84. During Plaintiffs' stay, the Subject Property was unsafe, unsanitary, unhealthy, uninhabitable, in a state of disrepair, and in violation of building, health and safety laws. Relevant laws, set forth more fully below, which Defendants' violated include, among others, the habitability

laws and standards contained in the California Civil Code and the California Health and Safety Code, due to infestations of bed bugs.

85. Due to the presence of bed bugs, the Premises rented by Plaintiffs was unfit for human occupation in that it substantially failed to comport with applicable building and housing code standards that materially affected the guests' health and safety, including 25 California Code of Regulation § 40, which states in full that:

**Bedding.**

> In every apartment house or hotel subject to this part, held out for rent and furnished with a bed and bedding, every part of every bed, including the mattress, sheets, blankets, and bedding shall be kept in a **clean, dry and sanitary condition, free from filth, urine, or other foul matter, and from the infection of lice, bedbugs, or other insects.** The bed linen in a hotel shall be changed before a new guest occupies the bed. In every dwelling unit where linen is furnished, the linen shall be changed before a new guest occupies the dwelling unit. (emphases added)

86. Defendants were aware of the bed bug infestation at the Hotel Rooms and Subject Property but failed to repair the defective and dangerous conditions, so that problems persisted.

87. Defendants, and or their agents and managers, were aware of the bed bug infestation at the Premises, however, Defendants failed to repair the problems at the Premises. Any repairs that were purportedly done were neither accomplished in a professional manner, nor successful in remediating the bed bug infestation.

88. Defendants knowingly rented out bed bug infested rooms to the Plaintiffs without notifying Plaintiffs of the dangerous bedbug condition that existed in the rooms they stayed in.

## FIRST CAUSE OF ACTION – HABITABILITY

**(Negligence – Premises Liability/Failure to Warn – Negligence Per Se: Against All Defendants)**

89. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 88, inclusive, of this Complaint as though fully set forth herein.

90. As owners, operators and/or managers of the Premises, the Defendants owed Plaintiffs the duty to exercise reasonable care in the ownership, management and control of the Premises.

91. As owners and/or managers of hotel rental property, Defendants were under a duty of care to comply with all applicable codes, laws, and contractual obligations relating to health and safety, and to take reasonable measures to assure that Plaintiffs would not be exposed to unreasonable risk of harm and/or interference of their right to quiet enjoyment of the Subject Property, including, but not limited to, bed bug infestations.

92. Defendants owe a duty of care under common law and Civil Code § 1714 to exercise reasonable care including, but not limited to: the duty to comply with all applicable State and local laws governing Plaintiffs' rights as hotel guests; the duty to maintain the hotel premises in a safe, healthy and habitable condition; and the duty to not obstruct Plaintiffs' full use and occupancy of their rented room; and the duty to comply with all building, health, fire and safety codes, ordinances, regulations, and other laws applying to maintenance and operation of hotel rental property.

93. Defendants have a statutory duty to put and keep the Premises in a condition suitable for occupation by human beings. The statute requires Defendants to repair any harmful condition that occurs even subsequent to Plaintiffs' possession of the Premises, if such condition renders the Premises untenantable. By allowing the bed bug infestation to flourish within the Premises, and failing even after both actual and constructive notice to repair the conditions, and by allowing the other harmful and dangerous conditions alleged above to continue and failing to make necessary repairs and remediation, Defendants breached their statutory duty and failed to maintain the Premises in a condition fit for human habitation.

94. Defendants, by the conduct alleged above, negligently and carelessly maintained, operated, and managed the Premises; thus, breaching the duties owed to Plaintiffs.

95. Defendants' statutory violations proximately caused Plaintiffs' injuries and property damage. Plaintiffs' injuries and property damage resulted from an occurrence, the nature of which the statutes stated above were designed to prevent. Plaintiffs are members of the class of persons for whose protection the statutes were adopted.

96. As a further proximate result of Defendants' breach as alleged herein, Plaintiffs have been compelled to incur costs to investigate the defects and deficiencies at the Property and to retain attorneys and experts to investigate and represent Plaintiffs, and to prosecute this present action, which affects the public at large.

97. Defendants' failure to comply with their obligations under said applicable codes, laws, and contractual obligations were substantial factors in bringing about the injury, damage, loss or harm suffered by Plaintiffs.

98. Plaintiffs re-allege the damage allegations of Paragraphs 1 to 97 above and incorporate them by reference as though fully set forth herein.

## SECOND CAUSE OF ACTION

### (Nuisance: Against All Defendants)

99. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 98, inclusive, of this Complaint as though fully set forth herein.

100. Civil Code § 3479 states in part: "[a]nything which is **injurious to health**, … **or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property** … is a nuisance." (emphasis added).

101. The uninhabitable conditions (bed bug infestations) at the Subject Property, as described herein constitutes a nuisance within, but not limited to, the meaning of Civil Code § 3479 et seq., in that these defective and uninhabitable conditions (bed bug infestations) are injurious to the health and safety of Plaintiffs and the public at large, indecent and offensive to the senses of Plaintiffs and the public at large, and interfere substantially with Plaintiffs' comfortable enjoyment of the Premises (for which Plaintiffs paid to stay) and interfered substantially with Plaintiffs' enjoyment of life as Plaintiffs were massacred and attacked by bed bugs during Plaintiffs' paid stay at the Premises.

102. This nuisance has a deleterious effect on the public at large while at the same time specially injuring Plaintiffs, who were exposed to defective and uninhabitable conditions (bed bug infestations). Despite being required by law to abate the nuisance, Defendants knowingly,

intentionally and willfully failed to correct the uninhabitable conditions rendering the Premises a nuisance. The entire Hotel Room was infested with bed bugs for an extended period, both prior to and during Plaintiffs' stay at the Premises.

103. The grossly defective, unhealthful and uninhabitable conditions (bed bug infestations) as described above at the Premises constituted a nuisance depriving Plaintiffs of the safe, healthy, and comfortable use thereof.

104. Defendants incessantly failed to take effective measures to immediately abate the nuisance by knowingly, intentionally and willfully failing to eliminate all of the uninhabitable conditions at the Subject Property and to remediate the bed bug infestation in the Premises; thereby abusing the special relationship between innkeepers and guests.

105. Defendants' failure to abate the nuisance was a substantial factor in bringing about the continuous nuisance by permitting the defects to go unrepaired, which worsened the defective conditions of the Premises.

106. Defendants' repeated failure to maintain the rooms and the common areas of the Premises, to disclose the presence of the bed bugs infestations, to repair defects and uninhabitable conditions, and to eliminate the bed bug infestation, establish the creation of a nuisance within the meaning of Civil Code § 3479.

107. The grossly defective, dangerous and uninhabitable conditions of the Premises constituted a nuisance within the meaning of Civil Code § 3479 and C.C.P. § 731, in that they deprived Plaintiffs of the safe, healthy, and comfortable use of the Premises; thereby abusing the special relationship between innkeepers and guests. Said dangerous and uninhabitable conditions were injurious to health, offensive to the senses, and did interfere with Plaintiffs' comfortable enjoyment of life and the Subject Property.

108. As a proximate result of Defendants maintaining of the nuisance, Plaintiffs became exposed to untenable and uninhabitable conditions and suffered the injuries and damages alleged.

109. As a direct and proximate result of Defendants' knowing, intentional and willful failure to abate the nuisance (bed bug infestations), Plaintiffs have suffered and presently continue to suffer ongoing mental stress, emotional distress, anxiety, annoyance, discomfort, aggravation,

humiliation, degradation and embarrassment, and/or physical pain and injury, all to Plaintiffs' damage in an amount to be proven at trial, but in excess of $25,000.

110. In maintaining the nuisance, Defendants acted with full knowledge and/or reckless disregard of the consequences thereof and of the damages being caused to Plaintiffs. Despite this knowledge, Defendants knowingly, intentionally and willfully failed to disclose and failed to abate the nuisance by repairing the defective, dangerous and uninhabitable conditions of the Premises or causing them to be repaired. Defendants' failure to act was both oppressive and malicious within the meaning of Civil Code § 3294 in that it subjected Plaintiffs to cruel and unjust hardship in willful and conscious disregard of Plaintiffs' rights and safety, thereby entitling Plaintiffs to an award of punitive damages.

111. Moreover, Plaintiffs are entitled to attorney's fees pursuant to C.C.P. § 1021.5 since Plaintiffs are enforcing an important right affecting the public interest as it significantly benefits the general public.

112. Plaintiffs' nuisance allegations support Plaintiffs' prayer for attorney's fees pursuant to C.C.P. § 1021.5.

113. Plaintiffs will also seek and are entitled to recover attorney's fees to secure an important right affecting the public interest in connection with this cause of action under the private attorney general doctrine (C.C.P. § 1021.5) [1] because any judgment or settlement with the Defendants confers a significant benefit upon a large class of persons: the guests who stay at the Subject Property, and individual claimants would be financially burdened unless reasonable attorney's fees are forthcoming in this case. The fundamental objective of the private attorney general doctrine of attorney's fees is "to encourage suits effectuating a strong [public] policy by awarding substantial attorney's fees . . . to those who successfully bring [or oppose] such suits

[1] C.C.P. § 1021.5 provides in part: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."

and thereby bring about benefits to a broad class of citizens." (Woodland Hills Residents Assn., Inc. v. City Council (1979) 23 Cal.3d 917, 933.)

114. This nuisance benefits a broad class of citizens as the hotel (Subject Property) receives thousands of guests annually and the rampant bed bug infestation has existed at the Subject Property and has a deteriorating effect on the community, the public (including guests who stay at the Subject Property) as it affects health and safety of its guests who can then spread and transfer the bed bug infestation to their homes and other cities and communities.

115. By bringing this action, Plaintiffs confer a significant benefit on the general public because the termination of Defendants' public nuisance will reduce or eliminate the threat of disease to the surrounding neighborhood and prevent the unnecessary expenditure of public funds in responding to the potential outbreak of bed bugs in the community.

116. Plaintiffs' award of attorney fees in this action is appropriate because Plaintiffs have expended substantial resources in bringing this action and because private citizen should not be forced to bear alone the costs of protecting the community; and therefore, attorney fees pursuant to C.C.P. § 1021.5.

117. In the interests of justice, attorney fees should be awarded in this action and should not be paid out of the recovery because pursuant to the private attorney general doctrine the Legislature intended that C.C.P. § 1021.5 should provide an incentive for private citizens to initiate actions that benefit the general public. (The fundamental objective of the private attorney general doctrine, as codified in C.C.P. § 1021.5, is to encourage suits effectuating a strong public policy by awarding substantial attorney fees to those who successfully bring such suits and thereby bring about benefits to a large group of citizens. The doctrine rests on the recognition that privately initiated lawsuits are often essential to the effectuation of public policies embodied in constitutional or statutory provisions, and that, without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will be impracticable. (Daniels v. McKinney (1983, 5th Dist.) 146 Cal App 3d 42).

118. As a direct and proximate result of Defendants failure to abate the nuisance, Plaintiffs have suffered and/or are now suffering mental stress, emotional distress, annoyance, discomfort,

aggravation, humiliation, degradation and embarrassment, and/or physical pain and injury, all to Plaintiffs' damage in an amount to be proven at trial, but in excess of $25,000.

119. Plaintiffs re-allege the damage allegations of Paragraphs 1 to 118 above and incorporate them by reference as though fully set forth herein.

## THIRD CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress: Against All Defendants)**

120. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 119, inclusive, of this Complaint as though fully set forth herein.

121. Defendants' conduct in dealing with Plaintiffs, in their knowing, intentional and willful failure to put Plaintiffs on notice of the bed bug infestations at the Hotel Rooms and Subject Property when they were fully aware of bed bug infestations at the Hotel Rooms prior to Plaintiffs' stay; knowing, intentional and willful failure to eliminate all bed bug and vermin infestations; and to remediate the bed bug infestation contamination, was so extreme and outrageous as to go beyond all bounds of decency.

122. Plaintiffs complained to Defendants' managers, employees and/or agents about the uninhabitable conditions (bed bug infestation) at the Hotel Rooms and Subject Property.

123. Defendants' knowing, intentional and willful failure to remedy the bed bug infestations caused and presently continue to cause Plaintiffs severe physical, mental, and emotional injuries.

124. While acting in these outrageous and egregious ways, Defendants knew, yet intentionally, willfully and recklessly disregarded their knowledge so that their conduct would result in Plaintiffs' severe past and presently ongoing mental and emotional distress. Furthermore, Defendants acted with reckless disregard for the severe past and presently ongoing emotional consequences of their acts and omissions.

125. Defendants were aware of the dangerous bed bug infestations, which existed at the Hotel Rooms both prior to and during Plaintiffs' stay at the Hotel Rooms, and knowingly,

intentionally and willfully failed to abate the bed bug infestations, so that the problems persisted.

126. In fact, Prior to sometime **February 2021**, Defendants had actual and constructive notice of the Subject property and Hotel Rooms including but not limited to the rooms 106, 109, 115, 126, 128, 130, 135, 138, 139, 140, 142,144, 146, 148, 149,150, 209, 211, 213, 215, 218, 223, 225, 226, 230, 232, 247, 252, was contaminated with bed but infestation, as numerous prior hotel guest have written reviews about Subject Property and Hotel Rooms contaminated with bed bugs infestation over years, through Google.com review platform, and Yelp review platform. Defendant failed to disclose the material facts or warn Plaintiffs of the presence of these filthy infestations at the Subject Property and Hotel Room prior **February 2021.**

127. Moreover, Defendants knew or willfully and consciously disregarded their failure to completely eradicate the bed bug infestations at the Subject Property, and as a result, Plaintiffs suffered bed bugs bites during their stay at their respective Hotel Rooms**.** In fact, had Defendants complied with their statutory duty to remedy the uninhabitable conditions at the Subject Property prior assigned the Rooms to Plaintiffs, they would not have suffered from bed bug bites at the Subject Property.

128. Plaintiffs sought medical care on multiple occasions immediately after staying at the Subject Property, for the injuries they sustained while staying at the Hotel Rooms.

129. Plaintiffs continue to experience mental and emotional injuries and permanent physical scarring to their persons due to the bed bug infestation still to this day.

130. Defendants intended to cause or consciously disregarded the high probability and near certainty of causing Plaintiffs to suffer past and presently ongoing severe mental and emotional distress, humiliation, stress, discomfort, annoyance, depression, fear of safety and/or physical pain and injury, frustration and anxiety.

131. As a direct and proximate result thereof, Plaintiffs endured and presently continue to endure many sleepless nights and much ongoing emotional and mental distress, coupled with other physical conditions associated with severe presently ongoing mental and emotional distress.

132. Such conduct was taken by an officer or managing agent(s) of the Defendants and DOES 1-20, or alternatively, said Defendants authorized, ratified or approved the conduct of these officers or managing agents of the Defendants. These unlawful acts were further ratified by said Defendants and done with a conscious disregard for the Plaintiffs' rights and with the intent, design and malicious purpose of injuring the Plaintiffs.

133. Plaintiffs re-allege the damage allegations of Paragraphs 1 to 132 above and incorporate them by reference as though fully set forth herein.

**FOURTH CAUSE OF ACTION**

**(Breach of Contract: Against All Defendants)**

134. Plaintiffs re-alleges and incorporate by reference each and every allegation contained in paragraphs 1 through 133, inclusive, of this Complaint as though fully set forth herein.

135. Defendants and Plaintiffs entered into a valid hotel rental agreement, setting forth terms surrounding Plaintiffs' stay at the Premises.

136. Plaintiffs paid Defendants for their stay at the Subject Property.

137. Plaintiffs fully complied with all the terms of the hotel rental agreement.

138. Plaintiffs entered into a hotel rental agreement with Defendants whereby they obtained possession and enjoyment of the Premises as guests of the Defendants. The hotel rental agreement did not contain all of the terms of the agreement, merely setting forth the parties, date, payment amount, and certain other terms. One term that is not expressed in the hotel rental agreement, but is implied in all contracts, is the covenant of good faith and fair dealing. The covenant of good faith and fair dealing requires each party to do everything that the contract presupposes that he will do to accomplish its purpose. The purpose of the hotel rental agreement was for Plaintiffs to obtain habitable rooms from Defendants in return for payment for the hotel rooms. Therefore, the contracts presupposed that Defendants would put the Premises in a condition suitable for human habitation. This means that the Premises would be in compliance with all ordinances and code regulations existing at the time, including but not limited to 25 California Code of Regulation § 40.

139. By knowingly, intentionally and willfully failing to provide Plaintiffs with a habitable hotel room that was compliant with legal requirements, and knowingly, intentionally and willfully failing to repair, maintain, and remediate the non-compliant aspects of the Premises, Defendants, and each of them, breached the implied contractual covenant of good faith and fair dealing in the hotel rental agreement.

140. Defendants breached the hotel rental agreement by failing to provide habitable Premises to Plaintiffs. The Premises were infested with bed bugs, thereby causing a bed bug infestation to grow on the Premises.

141. Because of Defendants' breach of the covenant of good faith and fair dealing, Plaintiffs suffered and presently continue to suffer the aforementioned damages as well as the loss of enjoyment of the full Premises, thereby entitling them to full restitution of all money paid.

142. Defendants breached the hotel rental agreement, proximately causing foreseeable and consequential damages to Plaintiffs, in a sum according to proof at trial.

143. As a direct and proximate result thereof, Plaintiffs incurred and presently continue to incur reasonable attorney's fees and costs, pursuant to the hotel rental agreement and to Civil Code § 1717.

144. Plaintiffs re-allege the damage allegations of Paragraphs 1 to 143 above and incorporate them by reference as though fully set forth herein.

## FIFTH CAUSE OF ACTION

**(Fraudulent Concealment: Against All Defendants)**

145. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 144, inclusive, of this Complaint as though fully set forth herein.

146. At all times relevant hereto, Defendants, through their employees and agents, were aware of the existence of bed bugs in the Hotel Rooms and Subject Property.

147. In fact, Prior to sometime **February 2021**, Defendants had actual and constructive notice of the Subject property and Hotel Rooms including but not limited to the rooms 106, 109, 115, 126, 128, 130, 135, 138, 139, 140, 142,144, 146, 148, 149,150, 209, 211, 213, 215, 218, 223,

225, 226, 230, 232, 247, 252, was contaminated with bed but infestation, as numerous prior hotel guest have written reviews about Subject Property and Hotel Rooms contaminated with bed bugs infestation over years, through Google.com review platform, and Yelp review platform. Defendant failed to disclose the material facts or warn Plaintiffs of the presence of these filthy infestations at the Subject Property and Hotel Room prior **February 2021.**

148. At all relevant times, Plaintiffs placed their trust and confidence in the Defendants that Plaintiffs would not be assigned a hotel rooms that posed a danger to their physical health and well-being. This placed the Defendants in a position of influence over the Plaintiffs.

149. Defendants and their employees, managers and agents intentionally failed to disclose the material facts of the bed bug infestations at the Hotel Rooms; a fact known to the Defendants that the Plaintiffs could not have discovered.

150. Plaintiffs did not know of the concealed fact of the bed bug infestations at the Hotel Rooms.

151. Defendants intended to deceive the Plaintiffs by concealing the fact of the bed bug infestations.

152. The Plaintiffs reasonably relied on Defendants' deception.

153. The Plaintiffs were harmed in the form of severe physical and presently ongoing emotional injuries.

154. Defendants' concealment was a substantial factor in causing Plaintiffs' harm.

155. Such conduct was taken by an officer or managing agent(s) of the Defendants and DOES 1-20, or alternatively, said Defendants authorized, ratified or approved the conduct of these officers or managing agents of the Defendants. These unlawful acts were further ratified by said Defendants and done with a conscious disregard for the Plaintiffs' rights and with the intent, design and malicious purpose of injuring the Plaintiffs.

156. Plaintiffs re-allege the damage allegations of Paragraphs 1 to 155 above and incorporate them by reference as though fully set forth herein.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment in their favor and against all Defendants as follows:

157. Compensatory damages in an amount to be proven at trial;
158. General and special damages in an amount to be proven at trial;
159. Attorney's fees and costs of this action;
160. Exemplary and punitive damages in an amount to be determined at trial;
161. Injunctive relief ordering Defendants to abate their nuisance; and
162. Such other and further relief as this Court may deem proper and just.

**PLAINTIFFS' REQUEST AND DEMAND FOR A JURY TRIAL.**

Plaintiffs hereby demands trial by a Jury.

DATED: September 20, 2023

Respectfully submitted,
**MYBEDBUGLAWYER, INC.**

By: ______________________
Brian J. Virag, Esq.
Luiza Patrikyan, Esq.
Attorneys for Plaintiffs